### Everson *vs.* Hinds and others.

A complainant took three exceptions to the defendant's answer, for impertinence, all of which were referred, and the master disallowed the first exception, and allowed the second and third. Neither party having excepted to the master's report, the usual order was entered to expunge the impertinent matter embraced in the second and third exceptions, and for the payment, by the defendant, of the costs of those exceptions. *Held* that the complainant was entitled to costs, of the two exceptions allowed, which had accrued previous to the entry of the order to refer the exceptions, and to the costs of the order to expunge the impertinent matter, and the costs of other proceedings upon the master's report subsequent to the filing of such report.

The costs, to which neither party is entitled, as against the other, upon a reference of exceptions, unless he finally succeeds as to all the exceptions referred, are the master's fees upon the reference, and the solicitor's and counsel fees, and other expenses between the perfecting of the exceptions and the filing of the master's report on the reference; including postages, and other disbursements.

THIS was an application by the defendant S. T. Hinds, for a retaxation of the complainant's costs upon exceptions to the defendant's answer for impertinence. The complainant took three exceptions to the answer; all of which were referred. The master disallowed the first exception, but reported that the second and third were well taken. Neither party excepted to the report; and the usual order was subsequently entered, to expunge the impertinent matter embraced in the second and third exceptions, and for the payment by the defendant Hinds, of the costs of those exceptions. Upon the taxation of the complainant's costs, under this order, the counsel for the defendant Hinds insisted that the complainant was not entitled to any costs upon the exceptions allowed by the master.

But the taxing officer allowed the costs of those two exceptions previous to the entry of the order to refer the same, and the costs of the order to expunge the impertinent matter, and the costs of the other proceedings upon the master's report subsequent to the filing of such report.

*H. C. Van Schaack*, for the complainant.

*N. R. Chapman*, for the defendant Hinds.

Everson *v.* Hinds.

THE CHANCELLOR. The order, under which the taxation took place, had directed the defendant Hinds to pay the complainant his costs upon the exceptions allowed by the master. And if the order was irregular, because the complainant was not entitled to any costs whatever, the proper remedy of the defendant was to apply to the court to set aside the order for irregularity. All that the taxing officer was authorized to decide, was how much of the costs of the exceptions, and of the proceedings thereon, were taxable under the provisions of the 63d rule of the court.

The order, however, was not irregular. For the rule provides that the party excepting shall have the costs of the exceptions which are submitted to, and of those which are finally allowed after reference to a master. Here the second and third exceptions were finally allowed after reference thereof to a master. The costs of drawing, perusing and signing, engrossing, copying, filing, and serving those two exceptions, were therefore allowable, under the express terms of the 63d rule. And the complainant was also entitled to the costs of the order to expunge the impertinent matter and the expenses of executing that order, and recovering his costs, under the provisions of the 57th rule; as a part of the necessary proceedings upon the second and third exceptions, after they had been finally allowed upon the reference.

The costs upon the reference, to which neither party is entitled, as against the other, unless he *finally* succeeds as to all the exceptions referred, are the master's fees upon the reference, and the solicitor's and counsel fees, and other expenses, between the perfecting of the exceptions and the filing of the master's report on the reference; including postages and other disbursements. All these have been excluded in the taxation of the complainant's bill; as I understand the case agreed upon by the parties. The taxation was therefore right; and it is unnecessary to consider the objection that a retaxation was not applied for within a reasonable time.

The motion for a retaxation must be denied, with $7 costs